**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:07CR111**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **ERIC JAMES MAUK** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's motion for a

transcript of his sentencing hearing at Government expense and a copy of

his criminal Judgment.  While the Court will direct the Clerk to furnish

Defendant a copy of his Judgment, his motion for the transcript is denied.

Defendant states these documents are needed "for appeal

purposes."  The Court notes that the Defendant's criminal conviction

became final in mid-September 2008 and no direct appeal was filed.

Federal inmates are not entitled to transcripts at Government

expense absent some showing of a particularized need.  ***United States v.***

***MacCollom*, 426 U.S. 317, 326-27 (1976); *Miller v. Smith*, 99 F.3d 120,**

**125 n.5 (4th Cir. 1996); *United States v. Davis*, 972 F.2d 342 (table),**

**1992 WL 180109 (4ᵗʰ Cir. 1992).**  "An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."  ***Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152 (4ᵗʰ Cir. 1972) (quotation and citation omitted).**  Moreover, the Government "may constitutionally decline to furnish an indigent with a transcript until a need for it is shown[.]"  *Id.* **at 153.**  The Defendant here has not made that showing.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a transcript of his sentencing hearing at Government expense is hereby **DENIED**.

The Clerk is directed to furnish Defendant a copy of his Judgment of Conviction along with a copy of this Order.

Signed: April 1, 2009

Lacy H. Thornburg
United States District Judge